THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 MAY A STATE EMPLOYEE OR OFFICER OF THE STATE, OR AN OFFICER OF ANY OF THE STATE'S SUBDIVISIONS, ACCUMULATE FOR HIS PERSONAL USE "FREQUENT FLYER" CREDITS AS A RESULT OF TRAVEL MADE ON OFFICIAL GOVERNMENT BUSINESS PAID FOR BY THE STATE OR ONE OF THE STATE'S SUBDIVISIONS? (AIRLINE TICKETS)
IN RESPONDING TO YOUR QUESTION, WE HAVE RELIED ON INFORMATION GATHERED INFORMALLY BY US, INCLUDING INFORMATION REGARDING THE DIFFERENCES BETWEEN FREQUENT FLYER PROGRAMS AMONG THE AIRLINES. FURTHER, WHILE THERE ARE SOME STATUTES RELEVANT TO THE ISSUE OF WHETHER STATE OFFICERS OR EMPLOYEES MAY ACCUMULATE FREQUENT FLYER MILES FOR THEIR OWN BENEFIT WHEN TRAVELING ON STATE BUSINESS, YOUR QUESTION ALSO INVOLVES PRACTICES IN COUNTIES, MUNICIPALITIES, AND OTHER SUBDIVISIONS. ITS RESOLUTION WOULD, THEREFORE, REQUIRE A DETAILED REVIEW OF THE VARIOUS POLICIES AND ORDINANCES OF THESE SUBDIVISIONS. SUCH AN ANALYSIS IS OUTSIDE THE SCOPE OF AN OFFICIAL ATTORNEY GENERAL OPINION. ACCORDINGLY, WE ARE PROVIDING OUR ANSWER TO YOUR REQUEST BY MEANS OF THIS INFORMAL LETTER, RATHER THAN AN OFFICIAL ATTORNEY GENERAL OPINION.
PRIOR TO A DISCUSSION OF THE RELEVANT LEGAL ISSUES, HOWEVER, IT MIGHT BE HELPFUL TO PROVIDE A BRIEF REVIEW OF AIRLINES' MARKETING PROGRAMS KNOWN AS "FREQUENT FLYER" PROGRAMS. WE HAVE LEARNED FROM REPRESENTATIVES OF THE AIRLINE INDUSTRY THAT FREQUENT FLYER PROGRAMS WERE DESIGNED BY THE AIRLINES TO ENCOURAGE INDIVIDUAL CUSTOMER'S LOYALTY TO A PARTICULAR AIRLINE. NORMALLY, AN INDIVIDUAL WHO JOINS AN AIRLINE'S FREQUENT FLYER PROGRAM RECEIVES AN ACCOUNT NUMBER, WHICH IS CREDITED WITH EARNED FREQUENT FLYER MILES WHEN THAT INDIVIDUAL FLIES ON THAT AIRLINE, REGARDLESS OF WHETHER HE OR HIS EMPLOYER HAS PAID FOR THE TICKET. WHEN SUFFICIENT FREQUENT FLYER MILES ARE EARNED BY THAT INDIVIDUAL, HE IS ALLOWED TO UPGRADE TO A BETTER CLASS FREE OF CHARGE, OR TO FLY TO PARTICULAR DESTINATIONS WITHOUT CHARGE.
THE AIRLINES DIFFER IN THEIR POLICIES CONCERNING TRANSFERABILITY OF EARNED FREQUENT FLYER MILES. ONE AIRLINE, FOR EXAMPLE, RESTRICTS USE OF FREQUENT FLYER MILES TO INDIVIDUALS LIVING IN THE SAME HOUSEHOLD AS THE PASSENGER WHO EARNED THE CREDITS THROUGH HIS OR HER OWN TRAVEL. OTHER AIRLINES PERMIT TRANSFER OF FREQUENT FLYER CREDITS TO OTHER INDIVIDUALS, PROVIDING THAT NO COMPENSATION IS PAID FOR THOSE CREDITS. HOWEVER, WE HAVE BEEN TOLD THAT BECAUSE THE PURPOSE OF THE FREQUENT FLYER PROGRAMS IS TO ENCOURAGE INDIVIDUAL CUSTOMER'S LOYALTY TO AN AIRLINE, TRANSFER OF CREDITS TO CORPORATE OR GOVERNMENTAL EMPLOYERS IS GENERALLY NOT PERMITTED BY ANY AIRLINE.
WE HAVE LEARNED THAT IT IS HIGHLY UNLIKELY THAT AN AIRLINE WOULD GIVE THE STATE OF OKLAHOMA OR ANY OTHER PRIVATE OR GOVERNMENT EMPLOYER A FREQUENT FLYER ACCOUNT NUMBER AND PERMIT THE STATE OR GOVERNMENTAL EMPLOYER TO POOL ALL FREQUENT FLYER MILES EARNED WHILE ON STATE BUSINESS.
WITH THIS BACKGROUND IN MIND, WE TURN FIRST TO A CONSIDERATION OF ARTICLE XV/SECTION 1 AND 51 O.S. 2 (1981) (PRESCRIBING THE OATH OF OFFICE FOR PUBLIC OFFICIALS). THAT OATH REQUIRES THAT OFFICERS OF THE STATE AND OTHER POLITICAL SUBDIVISIONS, AS WELL AS THEIR DEPUTIES AND ASSISTANTS, AFFIRM THAT THEY "WILL NOT KNOWINGLY RECEIVE, DIRECTLY OR INDIRECTLY, ANY MONEY OR OTHER VALUABLE THING, FOR THE PERFORMANCE OF ANY ACT OR DUTY PERTAINING TO (HIS OR HER) OFFICE, OTHER THAN THE COMPENSATION ALLOWED BY LAW." A VIOLATION OF THIS PROHIBITION WOULD CLEARLY REQUIRE A CAUSAL CONNECTION BETWEEN THE PAYMENT OF MONEY OR "OTHER VALUABLE THING" TO THAT OFFICER, DEPUTY OR ASSISTANT, AND THE PERFORMANCE OR NON-PERFORMANCE OF HIS OFFICIAL DUTIES. SEE E.Q, SHRIVER V. STATE, 632 P.2D 420 (OKL.CR. 1980) (INTENT TO INFLUENCE AN OFFICIAL ACT IS KEY ELEMENT OF BRIBERY UNDER STATE LAW); MCCORMICK V. UNITED STATES, 59 USLW 4474 (MAY 23, 1991) (UNITED STATES SUPREME COURT RULED THAT A STATE GOVERNMENT OFFICIAL CANNOT BE CONVICTED OF BRIBERY OR EXTORTION UNDER THE HOBBS ACT ABSENT THE SHOWING OF A QUID PRO QUO — A PAYMENT IN RETURN FOR AN EXPLICIT PROMISE BY THE OFFICIAL TO PERFORM OR NOT TO PERFORM AN OFFICIAL ACT.) ARTICLE XV/SECTION 1 AND 51 O.S. 2 (1981) APPLY ONLY TO OFFICERS, DEPUTIES AND ASSISTANTS TO OFFICERS, OF THE STATE AND ITS SUBDIVISIONS. THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT, 74 O.S. 4200 (1990) ET SEQ., APPLICABLE TO ALL STATE EMPLOYEES, PROHIBITS AN EMPLOYEE FROM (1) SOLICITING OR ACCEPTING COMPENSATION, GIFTS OR FAVORS FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE IN THE DISCHARGE OF HIS OFFICIAL DUTIES; (2) USING HIS POSITION TO SOLICIT OR SECURE SPECIAL PRIVILEGES FOR HIMSELF OR OTHERS; AND (3) RECEIVING ANY COMPENSATION THAT WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT. 74 O.S. 4241(1)/74 O.S. 4241(2) 74 O.S. 4241(5). THESE PROVISIONS WOULD REQUIRE EITHER A AUID PRO AUO — A PAYMENT IN RETURN FOR THE PERFORMANCE OR NON-PERFORMANCE OF A DUTY — OR AN ABUSE OF ONE'S OFFICIAL POSITION TO SECURE SPECIAL PRIVILEGES OR BENEFITS.
UNDER THE STATUTORY FRAMEWORK REGULATING AIRLINE TRAVEL BY STATE OFFICERS AND EMPLOYEES, FREQUENT FLYER MILES AWARDED TO AN INDIVIDUAL STATE EMPLOYEE WHILE TRAVELING ON STATE BUSINESS, AND USED LATER BY THAT EMPLOYEE FOR PERSONAL TRAVEL AS PART OF HIS PARTICIPATION IN A FREQUENT FLYER PROGRAM, WOULD NOT ON ITS FACE VIOLATE THE ABOVE-REFERENCED CONSTITUTIONAL AND STATUTORY PROHIBITIONS.
AIRLINE TRAVEL BY STATE OFFICERS AND EMPLOYEES IS REGULATED BY TWO STATUTES: THE STATE TRAVEL REIMBURSEMENT ACT, 74 O.S. 500.1 (1990) ET SEQ. AND THE ENACTMENT CREATING A STATE TRAVEL PURCHASING DIVISION IN THE OFFICE OF PUBLIC AFFAIRS. 74 O.S. 79 (1990). UNDER THE TRAVEL REIMBURSEMENT ACT, STATE OFFICIALS AND EMPLOYEES MAY BE REIMBURSED BY THE STATE FOR AIRLINE TRAVEL ONLY WHEN TRAVELING ON "AUTHORIZED STATE BUSINESS." 74 O.S. 500.2(A) (1990). FURTHER, REIMBURSEMENT FOR FARES PAID FOR AIRLINE TRANSPORTATION "SHALL NOT EXCEED COACH FARE." 74 O.S. 500.4(A) (1990). STATE AGENCIES MAY ALSO MAKE DIRECT PURCHASES OF AIRLINE TICKETS FOR EMPLOYEES FOR STATE OFFICIALS "REQUIRED TO TRAVEL IN THE COURSE OF THEIR OFFICIAL DUTIES." 74 O.S. 79. WHEN AGENCIES MAKE ARRANGEMENTS FOR TRAVEL, THEY ARE REQUIRED WITH CERTAIN LIMITED EXCEPTIONS TO COMPLY WITH REGULATIONS ADOPTED BY THE STATE TRAVEL DIVISION OF THE OFFICE OF PUBLIC AFFAIRS UNDER WHICH FARES FOR AIR TRAVEL ARE OBTAINED AT THE "LOWEST AVAILABLE FARES" FOR COMMERCIAL AIR TRAVEL. ID.
THUS, UNDER CORRECT APPLICATION OF CURRENT LAW, STATE OFFICIALS AND EMPLOYEES WILL ORDINARILY NOT BE REIMBURSED MORE THAN COACH FARE WHEN THEY PAY FOR THEIR OWN TICKETS, AND STATE AGENCIES CANNOT PAY MORE THAN THE "LOWEST AVAILABLE FARE" WHEN THEY PURCHASE TICKETS. COMPLIANCE WITH THESE STATUTES ENSURES THAT AN EMPLOYEE CANNOT DELIBERATELY MAXIMIZE HIS AWARD OF FREQUENT FLYER MILES BY ARRANGING FOR THE STATE TO EITHER REIMBURSE EXPENSES THAT EXCEED THE ACTUAL COACH FARE, OR TO PURCHASE TICKETS FOR GREATER THAN THE PRICE FOR "THE LOWEST AVAILABLE" FARE. FURTHER, SINCE REIMBURSEMENT OR PURCHASE OF AIRLINE TICKETS CAN ONLY BE PROVIDED WHEN EMPLOYEES ARE REQUIRED TO TRAVEL IN THE COURSE OF THEIR OFFICIAL DUTIES, COMPLIANCE WITH EXISTING LAW INSURES THAT STATE OFFICIALS AND EMPLOYEES CANNOT LAWFULLY UNDERTAKE UNNECESSARY STATE TRAVEL TO INCREASE THEIR PERSONAL FREQUENT FLYER CREDITS.
AS DISCUSSED PREVIOUSLY, FREQUENT FLYER MILES ARE AWARDED TO INDIVIDUALS PARTICIPATING IN AN AIRLINE'S FREQUENT FLYER PROGRAM, REGARDLESS OF WHETHER THEIR TRAVEL IS PAID FOR BY THEIR GOVERNMENTAL OR PRIVATE EMPLOYERS, OR PAID FOR BY THEMSELVES. THUS, IN THE NORMAL OPERATION OF AN AIRLINE'S FREQUENT FLYER PROGRAM, THERE WILL NOT BE A POSSIBILITY OF A THE AWARD OF FREQUENT FLYER MILES IN EXCHANGE FOR A SPECIFIC COMMITMENT BY AN OFFICIAL TO PERFORM, OR NOT TO PERFORM, AN OFFICIAL DUTY. WHILE THE ISSUE IS NOT DIRECTLY RAISED BY YOUR OPINION REQUEST, WE WOULD NOTE, HOWEVER, THAT IF AN AIRLINE MADE A SPECIFIC OFFER TO A STATE EMPLOYEE OF FREQUENT FLYER BENEFITS, IN ADDITION TO THOSE NORMALLY PROVIDED IN ITS PROGRAM TO INDUCE THAT EMPLOYEE TO PERFORM OR NOT TO PERFORM AN ACT RELATING TO HIS DUTIES, THE ACCEPTANCE OF SUCH A BENEFIT WOULD VIOLATE THE OKLAHOMA COMPLIANCE AND ETHICAL STANDARDS ACT, 74 O.S. 4200/74 O.S. 4241 (1990), AND, IF THE STATE EMPLOYEE WERE ALSO AN OFFICER, DEPUTY OR ASSISTANT TO A STATE OFFICER, THAT INDIVIDUAL WOULD ALSO VIOLATE HIS CONSTITUTIONAL AND STATUTORY OATH OF OFFICE.
AS WE HAVE SEEN, THE CORRECT APPLICATION OF CURRENT LAW SHOULD ELIMINATE THE POSSIBILITY OF ABUSE WHEN STATE OFFICIALS RECEIVE FREQUENT FLYER MILES FOR TRAVEL ON STATE BUSINESS. EMPLOYEES OF COUNTIES AND OTHER POLITICAL SUBDIVISIONS OF THE STATE ARE NOT GOVERNED BY A COMPREHENSIVE STATUTE OF UNIFORM STATEWIDE EFFECT GOVERNING THE USE OF PUBLIC MONIES FOR AIRLINE TRAVEL. WHETHER AN OFFICER OR EMPLOYEE OF A COUNTY OR POLITICAL SUBDIVISION OF A STATE IMPROPERLY ACCUMULATES FREQUENT FLYER MILES WHEN TRAVELING ON OFFICIAL BUSINESS WOULD HAVE TO BE DETERMINED BY REFERENCE TO THE SPECIFIC ORDINANCES AND REGULATIONS IN EFFECT IN THAT POLITICAL SUBDIVISION. NOTHING, HOWEVER, WOULD PRECLUDE A POLITICAL SUBDIVISION FROM ADOPTING POLICIES TO ELIMINATE THE POSSIBILITY OF ABUSE WHEN PUBLIC EMPLOYEES TRAVEL ON OFFICIAL BUSINESS.
(ROBERT A. BUTKIN)